**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**FILED**

APR - 4 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| **BRIDZETTE LANE** | : |
| **Individually and as the Personal** | : |
| **Representative of the Estate of** | : |
| **Ralphael Briscoe** | : |
| **1600 28th Place, S.E.** | : |
| **Apartment #104** | : |
| **Washington, D.C. 20020** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **THE DISTRICT OF COLUMBIA** | : |
| **A Municipal Corporation** | : |
| **441 4th Street, NW** | : |
| **Washington, D.C. 20001** | : |
| | |
| **and** | |
| | |
| **DISTRICT OF COLUMBIA** | |
| **METROPOLITAN POLICE DEPARTMENT** | |
| **300 Indiana Avenue NW** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **Cathy Lanier, Chief** | : |
| **DISTRICT OF COLUMBIA** | : |
| **METROPOLITAN POLICE DEPARTMENT** | : |
| **300 Indiana Avenue, NW** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **and** | : |
| | : |
| **John Doe One** | : |
| **METROPOLITAN POLICE DEPARTMENT** | : |
| **OF THE DISTRICT OF COLUMBIA** | : |
| **GOVERNMENT OF THE DISTRICT OF** | : |
| **COLUMBIA** | : |
| **300 Indiana Avenue NW** | : |
| **Washington, D.C. 20001** | : |
| | : |
| **and** | : |

Civil Action Number

Case: 1:12-cv-00514
Assigned To : Howell, Beryl A.
Assign. Date : 4/4/2012
Description: PI/Malpractice

1

**John Doe Two**                                      :
**METROPOLITAN POLICE DEPARTMENT**   :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**       :
**COLUMBIA**                                     :
**300 Indiana Avenue NW**                      :
**Washington, D.C. 20001**                     :
                                                     :
        and                  :
                                                     :
**John Doe Three**                               :
**METROPOLITAN POLICE DEPARTMENT**   :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**       :
**COLUMBIA**                                     :
**300 Indiana Avenue NW**                      :
**Washington, D.C. 20001**                     :
                                                     :
        and                  :
                                                     :
**John Doe Four**                                :
**METROPOLITAN POLICE DEPARTMENT**   :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**       :
**COLUMBIA**                                     :
**300 Indiana Avenue NW**                      :
**Washington, D.C. 20001**                     :
                                                     :
        and                  :
                                                     :
**John Doe Five**                                :
**METROPOLITAN POLICE DEPARTMENT**   :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**       :
**COLUMBIA**                                     :
**300 Indiana Avenue NW**                      :
**Washington, D.C. 20001**                     :
                                                     :
**SERVE:**                                       :
**The Honorable Vincent C. Gray**            :
**Executive Office of the Mayor**             :
**1350 Pennsylvania Avenue, NW**             :
**Suite 316**                                    :
**Washington, DC 20004**                       :
                                                     :
                                                     :

2

**Irvin B. Nathan, Attorney General for the**  :
**District of Columbia**  :
**441 4th Street, NW**  :
**Suite 650**  :
**Washington, DC 20004**  :
  :
         **Defendants.**  :
=====================================

## COMPLAINT
**(Wrongful Death/Survival Act; Negligence; Assault and Battery, Deprivation of Civil Rights, 42 U.S.C. §1983, Negligent Training and Supervision, Civil Conspiracy)**

### JURISDICTION

1.      Jurisdiction before this Honorable Court is invoked pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

2.      On September 7, 2011, the District of Columbia was given notice of this claim pursuant to D.C. Code §12-309.

### PARTIES

3.      Plaintiff Bridzette Lane was at all times relevant herein a resident of the District of Columbia.

4.      Plaintiff Bridzette Lane was the custodial parent and is Ralphael Briscoe's biological mother and the Personal Representative of the Estate of Ralphael Briscoe (administration number 2011 ADM 566).

5.      This cause of action is based on the wrongful death of Ralphael Briscoe.

6.      Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States with the authority to sue and be sued in its corporate name.

7.    At all times relevant herein, Defendant District of Columbia was responsible for the policies, procedures, rules, regulations, and customs set forth and utilized for the supervision of all Metropolitan Police Department officers.

8.    Defendant Cathy Lanier (hereinafter Chief Lanier) is the Chief of the District of Columbia Metropolitan Police Department and is being sued in her official and individual capacity.

9.    Chief Lanier at all times relevant herein was responsible for the day to day operations of the District of Columbia Metropolitan Police Department, including but not limited to hiring, retaining, training and supervising all members of the District of Columbia Metropolitan Police Department.

10.    Defendant John Doe One (hereinafter JD1), who is being sued in his official and individual capacity, is a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department, and at all times relevant herein, he was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

11.    Defendant John Doe Two (hereinafter JD2), who is being sued in his official and individual capacity, is a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department, and at all times relevant herein, he was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

12.    Defendant John Doe Three (hereinafter JD3), who is being sued in his official and individual capacity, is a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department, and at all times relevant

herein, he was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

13.     Defendant John Doe Four (hereinafter JD4), who is being sued in his official and individual capacity, is a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department, and at all times relevant herein, he was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

14.     Defendant John Doe Five (hereinafter JD5), who is being sued in his official and individual capacity, is a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department, and at all times relevant herein, he was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

## FACTS

15.     On the afternoon of April 26, 2011, members of the Metropolitan Police Department Gun Recovery Unit (hereinafter Gun Recovery Unit) were on patrol in plain clothes on the 2400 Block of Elvans Road, S.E., Washington, D.C.

16.     While on patrol, members of the Gun Recovery Unit occupied a gray Dodge Caravan and a black sport utility vehicle (SUV) in a parking lot on the 2400 block of Elvans Road, S.E., Washington, D.C.

17.     On April 26, 2011 at approximately 2:00pm, members of the Gun Recovery Unit encountered Ralphael Briscoe, an eighteen (18) year old, by a gate as he exited one of the apartment complexes on the 2400 block of Elvans Road, S.E., Washington, D.C.

5

18.     Members of the Gun Recovery Unit proceeded to follow Ralphael Briscoe, who was unarmed, and chased him on foot while other members of the Gun Recovery Unit pursued Mr. Briscoe in the black SUV.

19.     The members of the Gun Recovery Unit who pursued Ralphael Briscoe on foot drew and pointed their weapon(s) at Mr. Briscoe, even though he was unarmed, and proceeded to shoot him.

20.     The shots fired by the members of the Gun Recovery Unit who chased Ralphael Briscoe hit him, and he fell face down in the driveway beside the residence at 2409 Elvans Road, S.E., Washington, D.C.

21.     After Mr. Briscoe was shot by a member(s) of the Gun Recovery Unit, the officers descended upon him, placed him in handcuffs, moved him so that he was facing them, and proceeded to search him.

22.     A citizen, and not a member of the Gun Recovery Unit or another officer, called for an ambulance.

23.     Once the ambulance arrived, an officer picked up Ralphael Briscoe and placed him in the rear of the ambulance.

24.     The ambulance proceeded to depart the area without activating its emergency equipment.

25.     Ralphael Briscoe died solely as a result of the gun shot wounds he suffered when he was shot by a member(s) of the Gun Recovery Unit.

26.     From the time that the members of the Gun Recovery Unit encountered Ralphael Briscoe, who was unarmed, up to and including the time that the shots were fired that resulted in his death, Mr. Briscoe had neither committed a crime nor engaged in any conduct which would

lead the members of the Gun Recovery Unit to construe that he was a danger to the named defendant officers, any law enforcement official, or any citizen.

27.     From the time that the members of the Gun Recovery Unit encountered Ralphael Briscoe, who was unarmed, up to and including the time that the shots were fired that resulted in his death, Mr. Briscoe did not pose a threat of serious bodily harm or danger to the named defendant officers, any law enforcement official, or any citizen.

28.     Even after Ralphael Briscoe yelled "I'm hurt, I'm hurt" and asked if he was going to die, the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, and other officers on the scene, acted in a manner that was contrary to the policies and procedures set forth by the Metropolitan Police Department General Orders.

29.     Specifically, the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, and other officers on the scene, failed to take immediate action to secure medical treatment for Ralphael Briscoe and failed to immediately report the shooting to the proper Metropolitan Police Department officials.

30.     Instead, the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, and the other officers on the scene, searched Ralphael Briscoe, the area immediately around him, and a wooded area sixty (60) yards from the site of the incident.

31.     At all times relevant herein, the defendant officers, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, were acting within the scope of their employment as duly appointed Metropolitan Police Department officers and under the color of law.

32.     By shooting Ralphael Briscoe, who was unarmed, without provocation, members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, made a premeditated decision not to follow proper police procedure and acted outside the scope of their lawful authority.

33.     Defendant Chief Lanier accepted, condoned, and/or sanctioned the acts of the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, as if she authorized the aforementioned defendants officers' conduct.

34.     Defendant District of Columbia Metropolitan Police Department accepted, condoned, and/or sanctioned the acts of the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, as if it authorized the afore-mentioned defendants officers' conduct.

35.     The Autopsy Report generated by the District of Columbia Office of the Chief Medical Examiner cites the cause of death as gunshot wounds to the back and left buttock and the manner of death as homicide.

<div align="center">

**COUNT I**
**(Survival Act)**

</div>

36.     Plaintiff incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.     Pursuant to the Survival Act, D.C. Code §12-101, Ralphael Briscoe's right of action for wrongful and negligent conduct against the defendants survives in favor of the plaintiff, the legal heir of Ralphael Briscoe. The plaintiff demands all damages recoverable under the Act including substantial damages for the loss of future wages, any and all medical expenses and costs, conscious pain and suffering, and any and all other damages recoverable under the Act.

## COUNT II
### (Wrongful Death)

38.     Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff's claims under common law negligence are actionable under the Wrongful Death Act. D.C. Code §16-2701.

40.     As a direct result of the wrongful acts committed by members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, plaintiff and the next of kin of Ralphael Briscoe incurred burial expenses, loss of pecuniary value of services expected to be performed by Ralphael Briscoe, and other damages recoverable under the Act.

41.     As a result of the death of Ralphael Briscoe, his mother, Bridzette Lane, has been deprived of her son's care, love, attention, companionship, guidance, and comfort, which he would have provided had he not been pursued by defendant officers JD1, JD2, JD3, JD4 and JD5, shot, and subsequently killed while unarmed.

## COUNT III
## ASSAULT AND BATTERY

42.     Plaintiff incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43.     Defendants District of Columbia, the District of Columbia Metropolitan Police Department, and the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, without proper grounds willfully and maliciously shot Ralphael Briscoe.

44.     The wound(s) suffered by Ralphael Briscoe was inflicted by the members of the Gun Recovery Unit, including but not limited to defendant police officers JD1, JD2, JD3, JD4 and JD5, when he was unarmed and did not present an immediate threat or imminent danger to anyone, much less the named defendant officers.

45.     Ralphael Briscoe was running for his life when armed members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, who were in plain clothes and unmarked vehicles, fired shots at him and killed him.

46.     Members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, intentionally and unlawfully targeted and threatened Ralphael Briscoe with severe injury when they pointed their weapon(s) at him and intentionally and unlawfully fired their weapon at him and shot him, causing his death.

47.     As a direct and proximate cause of the willful, malicious, and intentional actions of members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, Ralphael Briscoe was shot and killed.

48.     At all relevant times herein and at the time members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, committed assault and battery against Ralphael Briscoe, the named defendant officers were acting under the color of law within the scope of their employment as District of Columbia Metropolitan Police Department officers on behalf of and at the direction of the District of Columbia and the District of Columbia Metropolitan Police Department.

## COUNT IV
**(Negligence)**

49.     Plaintiff incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50.     At all times relevant herein, members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, had a duty to employ only reasonable measures in their encounter and interaction with Ralphael Briscoe as well as in connection with their treatment of Mr. Briscoe.

51.     Notwithstanding those duties, members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, while in plain clothes and unmarked vehicles, the District of Columbia and the District of Columbia Metropolitan Police Department, through its employees and/or agents, negligently took police action against Ralphael Briscoe, an unarmed eighteen (18) year old.

52.     Notwithstanding those duties, members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, while in plain clothes and unmarked vehicles, the District of Columbia and the District of Columbia Metropolitan Police Department, through its employees and/or agents, negligently took police action during the chase and subsequent stop of Ralphael Briscoe, with the unlawful, excessive, and unreasonable use of unwarranted force towards Mr. Briscoe.

53.     Defendants District of Columbia and the District of Columbia Metropolitan Police Department, acting under the color of law, approved and/or condoned the negligent actions of its officer(s), the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, and therefore, any and all liability for the actions of the named

defendant officers is imputed to Defendants District of Columbia and the District of Columbia Metropolitan Police Department.

54.     As a direct and proximate result of the negligence of the members of the Gun Recovery Unit, including but not limited to, defendant officers JD1, JD2, JD3, JD4 and JD5, as well as that of the District of Columbia and the District of Columbia Metropolitan Police Department, Ralphael Briscoe was shot and killed by a member(s) of the Gun Recovery Unit, including but not limited to JD1, JD2, JD3, JD4 and JD5.

<div align="center">

**COUNT V**
**(Deprivation of Civil Rights, 42 USC §1983)**

</div>

55.     Plaintiff incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.     On April 26, 2011 at the time they encountered, confronted, chased, shot, and killed Ralphael Briscoe, who was unarmed, the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, were acting under the authority conferred to them by their employment with the District of Columbia and the District of Columbia Metropolitan Police Department in accordance with the customs and practices set forth by the District of Columbia and the District of Columbia Metropolitan Police Department, and their actions were executed while the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, were acting under the color of law.

57.     On April 26, 2011, members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, exercised deliberate indifference and reckless disregard for the safety and welfare of Ralphael Briscoe and violated the Fourth and Fifth Amendments to the United States Constitution when they committed, allowed, or caused

to be committed acts which deprived Ralphael Briscoe of his constitutional rights and his right to due process of law.

58.     The unlawful assault and excessive use of force against Ralphael Briscoe by the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, constituted an unlawful seizure under the Fourth Amendment of the Constitution, which is actionable pursuant to 42 USC §1983.

59.     As a result of the unlawful assault and the excessive use of force by the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, Ralphael Briscoe suffered the ultimate seizure of being shot without cause, which resulted in his death.

## COUNT VI
### (Civil Conspiracy)

60.     Plaintiff incorporates by reference paragraphs 1 through 59 as if fully set forth herein.

61.     Members of the Gun Recovery Unit, including but not limited to, defendant officers JD1, JD2, JD3, JD4 and JD5, entered into an agreement to commit the unlawful and illegal act of assault and battery against Ralphael Briscoe.

62.     Members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, committed assault and battery against Ralphael Briscoe.

63.     Members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, in furtherance of the above-referenced scheme placed Ralphael Briscoe in handcuffs and arrested him purposefully in an effort to justify their murder of Ralphael Briscoe, who was unarmed.

64.     Ralphael Briscoe was injured and killed solely as a direct and proximate cause of the actions of the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5.

65.     Solely as a direct and proximate result of the defendants' conspiratory and unlawful acts, Ralphael Briscoe, the plaintiff's son, suffered severe pain, emotional distress, and mental anguish as a result of being chased, shot, and murdered by the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5.

## COUNT VII
### (Negligent Training and Supervision)

66.     Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

67.     At all times relevant herein, the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, who shot and killed Ralphael Briscoe, were acting under the direction and control of the defendants District of Columbia and the District of Columbia Metropolitan Police Department pursuant to the rules, regulations, policies, and procedures set forth by the afore-mentioned defendants.

68.     Defendants District of Columbia, the District of Columbia Metropolitan Police Department, and Chief Lanier were negligent in hiring, training, supervising and retaining the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5.

69.     Defendants District of Columbia, the District of Columbia Metropolitan Police Department, and Chief Lanier knew or should have known of the propensity of the members of

the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, to commit violent and illegal acts of excessive force against citizens.

70.     Defendants District of Columbia, the District of Columbia Metropolitan Police Department, and Chief Lanier failed to adequately train their police officers, failed to conduct the proper background investigation of the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, failed to adequately monitor their actions and conduct while executing their responsibilities in the course of their duty, and specifically failed to supervise the members of the Gun Recovery Unit, including but not limited to defendant officers JD1, JD2, JD3, JD4 and JD5, on April 26, 2011 as they chased, shot, and killed an Ralphael Briscoe without provocation while he was unarmed.

71.     Defendants District of Columbia and the District of Columbia Metropolitan Police Department acted with deliberate indifference as they continually failed to properly supervise, train, control, direct, and monitor the officers in the execution of their duties and responsibilities, specifically as it applies to this incident, where they pursued a citizen on foot and in a vehicle while on duty as well as used force and/or excessive force against an unarmed citizen who was eighteen (18) ears old, without a lawful basis or probable cause to initiate contact with a citizen.

72.     Defendants District of Columbia and the District of Columbia Metropolitan Police Department have been aware of the inadequacies in its investigation of the use of force by members of the District of Columbia Metropolitan Police Department for an extensive period of time, and the result of said deficiencies is the inadequate disciplinary action taken against officers who partake in the excessive use of force.

73.     Defendants District of Columbia and the District of Columbia Metropolitan Police Department have been fully aware of the long-standing problem as noted above, yet have failed to take even remedial steps to alleviate the problem and instead proceed with perfunctory or *pro forma* use of force or excessive force investigations in lieu of meaningful investigations. This type of conduct sends a message to police officers that they can employ excessive force without consequences, reprimand, or discipline. The District of Columbia and the District of Columbia Metropolitan Police Department continues to employ such conduct despite full knowledge that the timely and effective imposition of the proper level of discipline is crucial to patrol, monitor, prevent, and control the use of excessive force by members of the Metropolitan Police Department.

74.     As a direct and proximate result of the afore-mentioned conduct and the negligent conduct of the District of Columbia and the District of Columbia Metropolitan Police Department, members of the Gun Recovery Unit, including but not limited to JD1, JD2, JD3, JD4 and JD5, chased, shot, and killed Ralphael Briscoe.

75.     Defendants District of Columbia and the District of Columbia Metropolitan Police Department's negligence was a proximate cause of Ralphael Briscoe's murder and death and was a foreseeable result thereof.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

I.     Plaintiff re-pleads and re-alleges counts 1 through 75 with the same force and effect as if fully set forth herein;

II.     Plaintiffs requests, subject to further discovery and a right to amend the complaint, that the Court:

III.     Enter a finding and judgment, jointly and severally, that the defendants' actions violated the United States Constitution and other laws, including but not limited to the constitutional and legal rights of Ralphael Briscoe;

IV.     Enter judgment against all of the defendants individually, jointly and severally, in the full and just amount of one hundred million ($100,000,000.00) dollars, plus punitive damages to the extent allowed by law and interest.

V.     Award fees and court costs to plaintiff; and

VI.     Award such other relief as this Honorable Court deems just and fair.

<div style="margin-left:40%">

Bridzette Lane
Individually and as the Personal
Representative of the Estate of
Ralphael Briscoe
By Counsel


Respectfully submitted,


Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007
Telephone Number: (202) 333-2922
Facsimile Number: (202) 333-4114
E-Mail: plfpc@aol.com

</div>

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

**BRIDZETTE LANE**                                    :
**Individually and as the Personal**                 :
**Representative of the Estate of**                   :
**Ralphael Briscoe**                                  :
**1600 28th PLACE, S.E.**                      :
**APARTMENT #104**                                    :
**WASHINGTON, D.C. 20020**                            :
                                                     :
       **Plaintiff,**                   :
                                                     :
       **v.**                          :
                                                     :
**THE DISTRICT OF COLUMBIA**                          :
**A Municipal Corporation**                           :          Civil Action Number
**441 4th Street, NW**                                :
**Washington, D.C. 20001**                            :
                                                     :
       **and**                         :          _____
                                                     :
**DISTRICT OF COLUMBIA**                              :
**METROPOLITAN POLICE DEPARTMENT** :
**300 Indiana Avenue NW**                             :
**Washington, D.C. 20001**                            :
                                                     :
**Cathy Lanier, Chief**                               :
**DISTRICT OF COLUMBIA**                              :
**METROPOLITAN POLICE DEPARTMENT** :
**300 Indiana Avenue, NW**                            :
**Washington, D.C. 20001**                            :
                                                     :
       **and**                         :
                                                     :
**John Doe One**                                      :
**METROPOLITAN POLICE DEPARTMENT** :
**OF THE DISTRICT OF COLUMBIA**                       :
**GOVERNMENT OF THE DISTRICT OF**                     :
**COLUMBIA**                                          :
**300 Indiana Avenue NW**                             :
**Washington, D.C. 20001**                            :
                                                     :
       **and**                         :

**John Doe Two**                         :
**METROPOLITAN POLICE DEPARTMENT** :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**        :
**COLUMBIA**                             :
**300 Indiana Avenue NW**                :
**Washington, D.C. 20001**               :
                                         :
       and                         :
                                         :
**John Doe Three**                       :
**METROPOLITAN POLICE DEPARTMENT** :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**        :
**COLUMBIA**                             :
**300 Indiana Avenue NW**                :
**Washington, D.C. 20001**               :
                                         :
       and                         :
                                         :
**John Doe Four**                        :
**METROPOLITAN POLICE DEPARTMENT** :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**        :
**COLUMBIA**                             :
**300 Indiana Avenue NW**                :
**Washington, D.C. 20001**               :
                                         :
       and                         :
                                         :
**John Doe Five**                        :
**METROPOLITAN POLICE DEPARTMENT** :
**OF THE DISTRICT OF COLUMBIA**          :
**GOVERNMENT OF THE DISTRICT OF**        :
**COLUMBIA**                             :
**300 Indiana Avenue NW**                :
**Washington, D.C. 20001**               :
                                         :
**SERVE:**                               :
**The Honorable Vincent C. Gray**        :
**Executive Office of the Mayor**        :
**1350 Pennsylvania Avenue, NW**         :
**Suite 316**                            :
**Washington, DC 20004**                 :
                                         :
                                         :

**Irvin B. Nathan, Attorney General for the**              :
**District of Columbia**                                    :
**441 4th Street, NW**                           :
**Suite 650**                                               :
**Washington, DC 20004**                                   :
                                                            :
         **Defendants.**              :
=====================================

## JURY DEMAND

Plaintiff hereby requests a trial by jury of six (6) on all triable issues, including the amount of damages to be awarded.

Bridzette Lane
Individually and as the Personal
Representative of the Estate of
Ralphael Briscoe
By Counsel

Respectfully submitted,

Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007
Telephone Number: (202) 333-2922
Facsimile Number: (202) 333-4114
E-Mail: plfpc@aol.com