UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **BRIDZETTE LANE** | : | |
| **Individually and as the Personal** | : | |
| **Representative of the Estate of** | : | |
| **Ralphael Briscoe** | : | |
| **1600 28th Place, S.E.** | : | |
| **Apartment #104** | : | |
| **Washington, D.C. 20020** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE DISTRICT OF COLUMBIA** | : | |
| **A Municipal Corporation** | : | Civil Action Number: |
| **441 4th Street, NW** | : | 1:12-CV-00514 |
| **Washington, D.C. 20001** | : | Judge Beryl A. Howell |
| | : | |
| **and** | : | |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **METROPOLITAN POLICE DEPARTMENT** | : | |
| **OFFICER CHAD LEO** | : | |
| **300 Indiana Avenue, N.W.** | : | |
| **Room 4115** | : | |
| **Washington, D.C. 20001** | : | |
| **and** | : | |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **METROPOLITAN POLICE DEPARTMENT** | : | |
| **OFFICER JEREMY SHARPTON** | : | |
| **300 Indiana Avenue N.W.** | : | |
| **Room 4115** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **METROPOLITAN POLICE DEPARTMENT** | : | |
| **OFFICER GUILLERMO RIVERA** | : | |
| **300 Indiana Avenue N.W.** | : | |
| **Room 4115** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |

SERVE:                                                  :
**The Honorable Vincent C. Gray**                       :
**Executive Office of the Mayor**                       :
**1350 Pennsylvania Avenue, NW**                        :
**Suite 316**                                           :
**Washington, DC 20004**                                :
                                                        :
**Irvin B. Nathan, Attorney General for the**           :
**District of Columbia**                                :
**Office of the Attorney General**                      :
**441 4th Street, NW**                                  :
**Suite 650**                                           :
**Washington, DC 20004**                                :
                                                        :
                    **Defendants.**                     :
=====================================

## AMENDED COMPLAINT

BRIDZETTE LANE, Individually and as the Personal Representative of the Estate of Ralphael Briscoe, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Amended Complaint against the District of Columbia and District of Columbia Metropolitan Police Department officers Chad Leo, Jeremy Sharpton and Guillermo Rivera. In support of this Amended Complaint, plaintiff alleges:

## JURISDICTION

1.      Jurisdiction before this Honorable Court is invoked pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. §1367(a).

2.      The Plaintiff brings this action to redress the deprivation of rights secured to Ralphael Briscoe by the United States Constitution, as made actionable under 42 U.S.C. §1983, and other rights secured to him by District of Columbia law.

3.      Venue is proper under 28 U.S.C. §1391(b) because all of the acts or omissions giving rise to this action occurred in the District of Columbia.

4.      On September 7, 2011, the District of Columbia was given notice of this claim pursuant to D.C. Code §12-309.

## PARTIES

5.      Plaintiff Bridzette Lane was at all times relevant herein a resident of the District of Columbia.

6.      Plaintiff Bridzette Lane was the custodial parent and is Ralphael Briscoe's biological mother and the Personal Representative of the Estate of Ralphael Briscoe (administration number 2011 ADM 566).

7.      Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States with the authority to sue and be sued and the local government for the territory constituting the permanent seat of the federal government of the United States.

8.      At all times relevant herein, Defendant District of Columbia among other things is responsible for the operation of the District of Columbia Metropolitan Police Department as an agency of the local government.

9.      At all times relevant herein, Defendant District of Columbia is responsible for the policies, procedures, rules, regulations, and customs set forth and utilized for the supervision of the District of Columbia Metropolitan Police Department and all District of Columbia Metropolitan Police Department officers.

10.      At all relevant times, Defendant officer Chad Leo ("Leo") was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

11.      Leo is being sued in his official and individual capacity.

3

12.     At all relevant times, Defendant officer Jeremy Sharpton ("Sharpton") was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

13.     Sharpton is being sued in his official and individual capacity.

14.     At all relevant times, Defendant officer Guillermo Rivera ("Rivera") was a duly licensed police officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

15.     Rivera is being sued in his official and individual capacity.

16.     At all relevant times, Leo, Sharpton and Rivera were employees acting under the color of law within the scope of his/their employment with the District of Columbia Metropolitan Police Department.

## FACTS

17.     The afternoon of April 26, 2011, members of the District of Columbia Metropolitan Police Department Seventh District Narcotics and Special Investigation Division, Gun Recovery Unit ("GRU") were on patrol in plain clothes on the 2400 Block of Elvans Road, S.E., Washington, D.C.

18.     While on patrol, GRU members, upon information and belief, Leo, Sharpton and Rivera, and other unknown officers who have yet to be identified ("Unknown Officers") occupied a gray Dodge Caravan and a black sport utility vehicle ("SUV") in a parking lot on the 2400 block of Elvans Road, S.E., Washington, D.C.

19.     On April 26, 2011 at approximately 2:00pm, GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers, encountered eighteen (18) year

old Ralphael Briscoe by a gate as he exited one of the apartment complexes on the 2400 block of Elvans Road, S.E., Washington, D.C.

20.     During this encounter, Ralphael Briscoe did not act in an invasive or threatening manner towards the GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers.

21.     GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers, proceeded to pursue Ralphael Briscoe, who was unarmed, and chased him on foot while other GRU members pursued Ralphael Briscoe in the black SUV.

22.     It has been reported that two GRU members pursued Ralphael Briscoe on foot while two other GRU members pursued him in a vehicle(s).

23.     A GRU member(s) (believed to be Leo) drew a gun(s), pointed the gun(s) at Ralphael Briscoe, even though he was unarmed, and shot him in the left part of his back and his left buttock.

24.     The shots fired by the GRU member(s) hit Ralphael Briscoe and he fell face down in the driveway beside the residence at 2409 Elvans Road, S.E., Washington, D.C.

25.     None of the GRU members present on the scene made any effort to prevent the GRU member(s) who drew his/their gun(s) from pointing his/their gun(s) at Ralphael Briscoe from shooting him.

26.     After Ralphael Briscoe was shot by a GRU member(s), officers descended upon him, placed him in handcuffs, moved him so that he was facing them, and proceeded to search him.

27.     A citizen, and not a GRU member or another officer, called for an ambulance.

28.     None of the GRU members made any effort to prevent the GRU member(s) who pointed his/their gun(s) at Ralphael Briscoe from shooting him.

29.     Once the ambulance arrived, an officer picked up Ralphael Briscoe and placed him in the rear of the ambulance.

30.     The ambulance proceeded to depart the area without activating its emergency equipment.

31.     Ralphael Briscoe died solely as a result of the gun shot wounds he suffered when he was shot by a GRU member(s).

32.     From the time that the GRU members encountered Ralphael Briscoe, who was unarmed, up to and including the time that the shots were fired, which resulted in his death, Ralphael Briscoe had neither committed a crime nor engaged in any conduct that would lead the GRU members to construe that he was a danger to them, any law enforcement official, or any citizen.

33.     From the time that the GRU members encountered Ralphael Briscoe, who was unarmed, up to and including the time that the shots were fired which resulted in his death, Ralphael Briscoe did not pose a threat of serious bodily harm or danger to the GRU members, any law enforcement official, or any citizen.

34.     Even after Ralphael Briscoe yelled "I'm hurt, I'm hurt" and asked if he was going to die, GRU members, including but not limited to Leo, Sharpton, Rivera and/or the unknown officers, and other officers on the scene, acted in a manner that was contrary to the procedures set forth by the District of Columbia and the District of Columbia Metropolitan Police Department General Orders.

6

35.     The GRU members, including but not limited to, Leo, Sharpton, Rivera, the unknown officers and the other officers on the scene, failed to provide or seek medical attention for Ralphael Briscoe, instead they descended upon him, handcuffed him, moved his body so that Ralphael Briscoe was facing the GRU members and searched him.

36.     Specifically, GRU members, including but not limited to Leo, Sharpton, Rivera, the unknown officers and other officers on the scene, failed to take immediate action to secure medical treatment or attention for Ralphael Briscoe

37.     GRU members, including but not limited to Leo, Sharpton, Rivera, the unknown officers and other officers on the scene, failed to immediately report the shooting to the proper District of Columbia Metropolitan Police Department officials.

38.     Instead, GRU members, including but not limited to Leo, Sharpton, Rivera, the unknown officers and the other officers on the scene, searched Ralphael Briscoe, the area immediately around him, and a wooded area sixty (60) yards from the site of the incident.

39.     Defendant District of Columbia accepted, condoned, and/or sanctioned the acts of the GRU members, including but not limited to Leo, Sharpton, Rivera and the unknown officers, as if it authorized the afore-mentioned defendant officers conduct.

40.     The Autopsy Report generated by the District of Columbia Office of the Chief Medical Examiner cites the cause of death as gunshot wounds to the left back and left buttock and ruled the manner of death as a homicide.

41.     It is uncontroverted that Leo, Sharpton and Rivera are members of the District of Columbia Metropolitan Police Department, Seventh District, Narcotics and Special Investigations Division ("NSID") GRU.

42.     On May 30, 2009, Leo, in his capacity as a member of the NSID, GRU team, participated in an investigation to locate individuals involved in illegal drug and weapon related activity in the Seventh District region of the city. During this investigation, Leo, who was in plain clothes and operated an un-marked gray Jeep Cherokee, along with other NSID GRU members, including but not limited to, officers Jordan Katz and Curtis Sloan, encountered a large group of individuals who had congregated in the 3800 block of Haley Terrrace, S.E., Washington, D.C. The investigation culminated in the pursuit of Terrance Moore into a residence and a declaration by an NSID GRU member that Mr. Moore had stated "I got a gun." *(See Exhibit A. Gerstein in United States v. Terrance Moore)*. An NSID GRU member claimed that Mr. Moore fired several rounds from a semi-automatic handgun at officers' Katz and Sloan, a GRU member(s) returned fire and Mr. Moore sustained multiple gun shot wounds, three to his chest, one to his left arm and one to his right hand.

43.     Subsequent to the afore-mentioned incident, a District of Columbia Metropolitan Police Department Firearms and Toolmark Examiner conducted a firearms and ballistics examination of the guns involved in the incident. No shell casings that were fired from the gun Mr. Moore allegedly possessed, a Berser .380 caliber semi-automatic pistol, model 383DA, serial number 86158, were recovered from the scene. The firearms examination revealed that the gun Mr. Moore allegedly possessed was inoperable due to the magazine safety. The examiner further noted that the magazine was received with missing parts. *(See Exhibit B. Government of the District of Columbia Metropolitan Police Department firearms and ballistics report signed by Jonathan Pope. Firearms and Toolmark Examiner)*. Hence, the gun allegedly used by Mr. Moore had not been discharged that day.

44.    Based on the examination results, it is clear that the GRU manufactured and falsified official reports to justify the shooting of Terrance Moore. While Leo is only mentioned as driving a vehicle, he was a part of the investigation which involved a shooting of a citizen by GRU members followed by false report to justify this unlawful shooting. In this incident, GRU members violated Mr. Moore's Constitutional rights. Mr. Moore filed a cause of action against the District of Columbia and the officers who shot him in the Superior Court of the District of Columbia, *Moore v. District of Columbia*, et.al., case number 2011 CA 004105B. This case is currently pending.

45.    Sharpton, a member of the GRU team involved in the shooting of Ralphael Briscoe, is no stranger to violating citizens' civil rights and he is the subject of civil rights violations claims in two other cases. These cases involve Sharpton's assaultive behavior and civil rights violations which involve the same or similar circumstances that led to Mr. Briscoe's death. Sharpton is a named defendant in *Moore v. District of Columbia*, et.al., case number 12-CV-00490, which is pending before this Court. The officers named as defendants in this case are officers John Altar, Michael Callahan, Jeremy Sharpton, Dossen and Cole. The claims cited in the above-noted case are civil rights violations pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, assault, battery, false arrest, false imprisonment, negligent infliction of emotional distress, negligence and negligent hiring, training, supervision and retention. In addition, Sharpton was one of a number of defendants named in a cause of action for assault and battery in *Alton McKenzie v. District of Columbia*, et.al., case number 2008 CA 008043B. This case was settled on March 15, 2011.

46.    At the minimum, the three above-cited cases, including the shooting and death of Ralphael Briscoe, demonstrate repeated incidents and a pattern of unlawful conduct and the use

excessive force against citizens as well as violations of the afore-mentioned individuals' Constitutional rights by NSID GRU members between 2008 and 2011, a period of three years.

47.    The afore-mentioned pattern of conduct by NSID GRU members illustrates a policy and custom pattern that the District of Columbia and/or the District of Columbia Metropolitan Police Department does not properly supervise, train, control, direct and monitor NSID GRU members in the execution of their duties, including but not limited to, the basis to pursue a citizen, the requisite probable cause needed to search, seize and arrest a citizen and the use of force or impose disciplinary action against officers who engage in unlawful conduct and partake in the use of excessive force. This is evident based on NSID GRU members' repeated involvement in unlawfully shooting and/or killing citizens, violating citizens' Constitutional rights with the use of excessive force. The lack of affirmative action taken on the afore-mentioned issues by the District of Columbia and/or the District of Columbia Metropolitan Police Department is evident because Leo and Sharpton, two of the officers involved in the Ralphael Briscoe incident, are still GRU members. The District of Columbia and/or the District of Columbia Metropolitan Police Department has not reassigned, suspended or terminated Leo or Sharpton.

48.    The District of Columbia was certainly aware of the GRU members' unlawful conduct and civil rights violations as a result of the civil complaints filed in the above-cited cases. At the minimum, the reasonable course of action would have been for the District of Columbia and/or the District of Columbia Metropolitan Police Department to reassign the offending officers to a unit that does require dispensing a weapon and does not involve contact with the public because of their proclivity to engage in unlawful conduct and violate citizens' Constitutional rights.

49.     The action and/or inaction by the policy maker, the District of Columbia and/or the District of Columbia Metropolitan Police Department, and the failure to discipline the GRU members, represents a policy or custom of deliberate indifference and reckless disregard for the safety, welfare and constitutional rights of citizens of the District of Columbia. Despite all of the information available to The District of Columbia and/or the District of Columbia Metropolitan Police Department regarding GRU members and the violations of citizens' Constitutional rights, these entities made a deliberate choice not to discipline or sanction the GRU members for their violations. This choice establishes that the District of Columbia and the District of Columbia Metropolitan Police Department condone the GRU members' conduct, has acted with deliberate indifference and reckless disregard for the safety, welfare and Constitutional rights of citizens of the District of Columbia and is complicit in the unlawful conduct and the violation(s) of citizens' Constitutional rights by GRU members.

## COUNT I
### (Survival Act)

50.     Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51.     Pursuant to the Survival Act, D.C. Code §12-101, Ralphael Briscoe's right of action for wrongful and negligent conduct against the defendants survives in favor of the plaintiff, the legal heir of Ralphael Briscoe. The plaintiff demands all damages recoverable under the Act including substantial damages for the loss of future wages, any and all medical expenses and costs, conscious pain and suffering, and any and all other damages recoverable under the Act.

## COUNT II
### (Wrongful Death)

52.    Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53.    Plaintiff's claims under common law negligence are actionable under the Wrongful Death Act, D.C. Code §16-2701.

54.    As a direct result of the wrongful acts committed by GRU members, including but not limited to, Leo, Sharpton and Rivera and the unknown officers, plaintiff and the next of kin of Ralphael Briscoe incurred burial expenses, loss of pecuniary value of services expected to be performed by Ralphael Briscoe, and other damages recoverable under the Act.

55.    As a result of the death of Ralphael Briscoe, his mother, Bridzette Lane, has been deprived of her son's care, love, attention, companionship, guidance, and comfort, which he would have provided had he not been pursued by the GRU members, including but not limited to, Leo, Sharpton and Rivera and the unknown officers, shot, and subsequently killed while unarmed.

## COUNT III
### Violation of Ralphael Briscoe's Fourth Amendment
### Rights Pursuant To 42 U.S.C. §1983
### (Against All Defendant Officers, Leo, Sharpton and Rivera)

56.    Plaintiff incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57.    At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had a Constitutional right pursuant to the Fourth Amendment of the United States Constitution, to be secure from state actions which would result in unlawful searches, seizures and arrests without probable cause.

12

58.     At all relevant times, Leo, Sharpton, Rivera and the unknown officers were state actors acting under the color of law, custom or usage of the District of Columbia, and on behalf of and in the interests of, their employer the District of Columbia.

59.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, pursued, searched, seized and arrested Ralphael Briscoe all without probable cause to believe that Mr. Briscoe had committed or was about to commit a crime.

60.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers did not have a good faith or reasonable belief that probable cause existed to search or arrest Mr. Briscoe.

61.     The other GRU members or officers at the scene knew or had reason to know that a Constitutional violation was being committed by their colleagues, they had a reasonable opportunity to prevent the unlawful search and arrest of Mr. Briscoe, yet they failed to protect Mr. Briscoe and his constitutional rights.

62.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, respective actions and omissions in unlawfully assaulting, shooting, arresting and killing Mr. Briscoe or his/their failure to protect his Constitutional rights from the unlawful conduct of other officers, their colleagues, wrongfully deprived Mr. Briscoe of his right to be free of unlawful searches, seizures and arrests.

## COUNT IV
### Violation of Ralphael Briscoe's Fourth Amendment Rights Pursuant To 42 U.S.C. §1983 (Against the District of Columbia)

63.     Plaintiff incorporates by reference paragraphs 1 through 62 as if fully set forth herein.

64.     At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had the Constitutional right, pursuant to the Fourth Amendment of the United States Constitution, to be secure from state actions which result in unlawful searches, seizures and arrests without probable cause.

65.     Defendant District of Columbia had a duty to properly hire, train, supervise, and fire, if necessary, it employees in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision, and firing.

66.     As to the failure to train and unlawful searches and arrests, the District of Columbia has a policy, custom, or practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite probable cause needed when searching or arresting citizens.

67.     Defendant District of Columbia violated its duty to properly hire, train, supervise, and fire/suspend the GRU members, the unknown officers or other officers involved in this incident.

68.     Defendant District of Columbia's negligent hiring and failure to train, supervise, fire or suspend the officers involved in this incident, and the unlawful search and arrest of Ralphael Briscoe, were state actions and/or inactions which subjected Ralphael Briscoe to an unlawful search and arrest without probable cause in violation of the Fourth Amendment.

69.     District of Columbia is directly liable, and pursuant to the doctrine of respondeat superior, for the violations of Ralphael Briscoe's constitutional rights.

**COUNT V**
**Violation of Ralphael Briscoe's Fifth Amendment**
**Rights Pursuant To 42 U.S.C. §1983**
**(Against All Defendant Officers, Leo, Sharpton and Rivera)**

70.     Plaintiff incorporates by reference paragraphs 1 through 69 as if fully set forth herein.

71.     At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had a constitutional right pursuant to the Fifth Amendment of the United States Constitution, to be secure from state actions that would deprive him of life, liberty or property without due process of law.

72.     At all relevant times, Leo, Sharpton, Rivera and the unknown officers were state actors acting under the color of law, custom or usage of the District of Columbia, and on behalf of and in the interests of, their employer the District of Columbia.

73.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, pursued, searched, seized and arrested Ralphael Briscoe all without probable cause to believe that Mr. Briscoe had committed or was about to commit a crime.

74.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers did not have a good faith or reasonable belief that probable cause existed to search or arrest Ralphael Briscoe.

75.     The use of force/excessive by GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, against Ralphael Briscoe, was unnecessary and was done carelessly and with reckless disregard for his safety and welfare.

76.     The unknown officers, other GRU members or officers on the scene knew or had reason to know that a Constitutional violation was being committed by their colleagues, they had

a reasonable opportunity to prevent the unlawful use of force and/or use of excessive force, yet they failed to protect Mr. Briscoe and his constitutional rights.

77.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, respective actions and omissions in unlawfully assaulting, shooting, arresting and killing Ralphael Briscoe and their failure to protect his constitutional rights from the unlawful conduct of other officers, their colleagues, wrongfully deprived Ralphael Briscoe of his life and liberty without due process of law. Ralphael Briscoe suffered the ultimate Fifth Amendment violation, he was shot and killed.

## COUNT VI
## Violation of Ralphael Briscoe's Fifth Amendment
## Rights Pursuant To 42 U.S.C. §1983
## (Against The District of Columbia)

78.     Plaintiff incorporates by reference paragraphs 1 through 77 as if fully set forth herein.

79.     At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had the Constitutional right, pursuant to the Fifth Amendment of the United States Constitution, to be secure from state action which would deprive him of life, liberty or property without due process of law.

80.     Defendant District of Columbia had a duty to properly hire, train, supervise, and fire, if necessary, it employees in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision, and firing.

81.     As to the failure to train and unlawful searches and arrests, the District of Columbia has a policy, custom, or practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the requisite probable cause needed when searching or arresting citizens.

16

82.     As to the failure to train and use of force and excessive force, the District of Columbia has a policy, custom, or practice of failing to effectively train, supervise, discipline, and control the personnel its employs as police officers regarding the use of force and/or excessive force in its interactions with citizens.

83.     Defendant District of Columbia violated its duty to properly hire, train, supervise, and fire/suspend the GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers or other officers involved in this incident.

84.     Defendant District of Columbia's negligent hiring and failure to train, supervise, fire or suspend the officers involved in this incident, and the unlawful search and arrest of Ralphael Briscoe and the ensuing use of force and/or use of excessive force, were state actions and/or inactions which subjected Ralphael Briscoe to deprivation of his life and liberty without due process of law. Ralphael Briscoe suffered the ultimate Fifth Amendment violation, he was shot and killed.

85.     District of Columbia is directly liable, and pursuant to the doctrine of respondeat superior, for the violations of Ralphael Briscoe's constitutional rights.

### COUNT VII
### Violation of Ralphael Briscoe's Fourteenth
### Amendment Rights Pursuant To 42 U.S.C. §1983
### (Against All Defendant Officers, Leo, Sharpton and Rivera)

86.     Plaintiff incorporates by reference paragraphs 1 through 85 as if fully set forth herein.

87.     At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had the Constitutional right, pursuant to the Fourteenth Amendment of the United States Constitution, to be secure from actions which result in the deprivation of liberty without due process.

88.     At all times relevant herein, GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers, were state actors acting under the color of law, custom, or usage of the District of Columbia, and on behalf of and in the interests of, their employer the District of Columbia.

89.     GRU members, including but not limited to, Leo, Sharpton, Rivera and the unknown officers', respective actions or omissions in unlawfully assaulting, shooting, arresting and killing Ralphael Briscoe or failing to protect him and his constitutional rights from the unlawful conduct of other officers, their colleagues, wrongfully deprived Ralphael Briscoe of his liberty without due process of law.

**COUNT VIII**
**Violation of Ralphael Briscoe's Fourteenth**
**Amendment Rights Pursuant To 42 U.S.C. §1983**
**(Against the District of Columbia)**

90.     Plaintiff incorporates by reference paragraphs 1 through 89 as if fully set forth herein.

91.     At the time that Ralphael Briscoe was shot and killed on April 26, 2011, he had the Constitutional right, pursuant to the Fourteenth Amendment of the United States Constitution, to be secure from actions which result in the deprivation of liberty without due process.

92.     The District of Columbia's actions in killing Ralphael Briscoe without justification deprived Mr. Briscoe of his liberty without due process of law.

93.     Defendant District of Columbia had a duty to properly hire, train, supervise and fire, in necessary, its personnel in order to protect the public against reasonable dangers which would be likely to occur in the absence of proper hiring, training, supervision and firing.

94.     As to the failure to train and discriminatory behavior, the District of Columbia has a policy, custom, or practice of failing to effectively train, supervise, discipline and control the personnel its employs as police officers regarding the appropriate non-discriminatory treatment of the citizens of the District of Columbia.

95.     As to the failure to train and the use of force, the District of Columbia has a policy, custom, or practice of failing to effectively train, supervise, discipline and control the personnel its employs as police officers regarding the appropriate use of force against citizens of the District of Columbia.

96.     Defendant District of Columbia violated its duty to properly hire, train, supervise, and fire/suspend the GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers or other officers involved in this incident.

97.     Defendant District of Columbia's negligent hiring and failure to train, supervise, fire or suspend the GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers involved in this incident and Ralphael Briscoe's arrest, were state actions and/or inactions which resulted in the deprivation of Mr. Briscoe's liberty protected under the Fourteenth Amendment.

98.     The District of Columbia is directly liable, and pursuant to the doctrine of respondeat superior, for the violations of Ralphael Briscoe's constitutional rights.

## COUNT IX
### (Assault of Ralphael Briscoe)
### (Against the District of Columbia and Leo)

99.     Plaintiff incorporates by reference paragraphs 1 through 98 as if fully set forth herein.

100. Leo's pursuit of Ralphael Briscoe without provocation or a reasonable or valid basis to do so demonstrates that he engaged in harmful and offensive conduct towards Ralphael Briscoe particularly as it applies to the pursuit of Ralphael Briscoe, drawing and firing his gun at Ralphael Briscoe, which resulted in his death.

101. As a result of Leo's conduct, he caused Ralphael Briscoe to reasonably apprehend that he would be subjected to imminent harmful or offensive contact and that Leo had the clear present ability to carry out the expected harmful or offensive contact.

102. Leo, without proper grounds, willfully and maliciously shot Ralphael Briscoe in the left part of his back and his left buttock.

103. The wounds suffered by Ralphael Briscoe were inflicted while he presented no immediate threat to anyone and was in fact running for his life when Leo and/or GRU members, including but not limited to, Sharpton, Rivera and/or the unknown officers, who were armed, in an unmarked vehicle(s) and plain clothes, began shooting at Ralphael Briscoe.

104. As a direct and proximate result of Leo's willful, malicious and intentional actions and those actions executed by GRU members, including but not limited to, Sharpton, Rivera and/or the unknown officers, to har n Ralphael Briscoe, Mr. Briscoe was shot and killed.

105. Leo's actions towards Ralphael Briscoe constitute an assault in violation of the common law of the District of Columbia.

106. At all times relevant herein, Leo was acting under the color of law, custom or usage of the District of Columbia.

107. At all times relevant herein, Leo committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia

Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

108.     Defendant District of Columbia is liable for the actions taken by Leo in assaulting Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT X
### (Battery of Ralphael Briscoe)
### (Against the District of Columbia and Leo)

109.     Plaintiff incorporates by reference paragraphs 1 through 108 as if fully set forth herein.

110.     As described herein, Leo intentionally battered Ralphael Briscoe by shooting him without provocation or a valid basis to do so, which resulted in Mr. Briscoe's death.

111.     As described herein, when Leo, and/or GRU members, including but not limited to, Sharpton, Rivera and/or the unknown officers, shot Ralphael Briscoe, he was wounded, harmed as a result of those wounds and succumbed to those wounds, which resulted in his death.

112.     Leo actions as noted above constitute battery in violation of the common law of the District of Columbia.

113.     At all times relevant herein, Leo was acting under the color of law, custom or usage of the District of Columbia.

114.     At all times relevant herein, Leo committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

115.     Defendant District of Columbia is liable for the actions taken by Leo in battering Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT XI
### (Assault of Ralphael Briscoe)
### (Against the District of Columbia and Sharpton)

116.     Plaintiff incorporates by reference paragraphs 1 through 115 as if fully set forth herein.

117.     Sharpton's pursuit of Ralphael Briscoe without provocation or a reasonable or valid basis to do so demonstrates that he engaged in harmful and offensive conduct towards Ralphael Briscoe particularly as it applies to the pursuit of Ralphael Briscoe and the drawing and firing of a gun at Ralphael Briscoe, which resulted in his death.

118.     As a result of Sharpton's conduct, he caused Ralphael Briscoe to reasonably apprehend that he would be subjected to imminent harmful or offensive contact and that Sharpton had the clear present ability to carry out the expected harmful or offensive contact.

119.     Sharpton, without proper grounds, willfully and maliciously shot Ralphael Briscoe in the left part of his back and his left buttock.

120.     The wounds suffered by Ralphael Briscoe were inflicted while he presented no immediate threat to anyone and was in fact running for his life when Sharpton and/or GRU members, including but not limited to, Leo, Rivera and/or the unknown officers, who were armed, in an unmarked vehicle(s) and plain clothes, began shooting at Ralphael Briscoe.

121.     As a direct and proximate result of Sharpton's willful, malicious and intentional actions and those executed by GRU members, including but not limited to, Leo, Rivera and/or the unknown officers, to harm Ralphael Briscoe, Mr. Briscoe was shot and killed.

122.     Sharpton's actions towards Ralphael Briscoe constitute an assault in violation of the common law of the District of Columbia.

123.     At all times relevant herein. Sharpton was acting under the color of law. custom or usage of the District of Columbia.

124.     At all times relevant herein. Sharpton committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

125.     Defendant District of Columbia is liable for the actions taken by Sharpton in assaulting Ralphael Briscoe pursuant to the doctrine of respondeat superior.

**COUNT XII**
**(Battery of Ralphael Briscoe)**
**(Against the District of Columbia and Sharpton)**

126.     Plaintiff incorporates by reference paragraphs 1 through 125 as if fully set forth herein.

127.     As described herein. Sharpton intentionally battered Ralphael Briscoe by shooting him without provocation or a valid basis to do so. which resulted in Mr. Briscoe's death.

128.     As described herein. when Sharpton, and/or GRU members. including but not limited to. Leo. Rivera and/or the unknown officers. shot Ralphael Briscoe. he was wounded. harmed as a result of those wounds and succumbed to those wounds. which resulted in his death.

129.     Sharpton's actions constitute battery in violation of the common law of the District of Columbia.

130.     At all times relevant herein. Sharpton was acting under the color of law. custom or usage of the District of Columbia.

131.     At all times relevant herein. Sharpton committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia

Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

132.    Defendant District of Columbia is liable for the actions taken by in battering Ralphael Briscoe pursuant to the doctrine of respondeat superior.

**COUNT XIII**
**(Assault of Ralphael Briscoe)**
**(Against the District of Columbia and Rivera)**

133.    Plaintiff incorporates by reference paragraphs 1 through 132 as if fully set forth herein.

134.    Rivera's pursuit of Ralphael Briscoe without provocation or a reasonable or valid basis to do so demonstrates that he engaged in harmful and offensive conduct towards Ralphael Briscoe particularly as it applies to the pursuit of Ralphael Briscoe and the drawing and firing of a gun at Ralphael Briscoe, which resulted in his death.

135.    As a result of Rivera's conduct, he caused Ralphael Briscoe to reasonably apprehend that he would be subjected to imminent harmful or offensive contact and that Rivera had the clear present ability to carry out the expected harmful or offensive contact.

136.    Rivera, without proper grounds, willfully and maliciously shot Ralphael Briscoe in the left part of his back and his left buttock.

137.    The wounds suffered by Ralphael Briscoe were inflicted while he presented no immediate threat to anyone and was in fact running for his life when Rivera and/or GRU members, including but not limited to, Leo and Sharpton and/or the unknown officers, who were armed, in an unmarked vehicle(s) and plain clothes, began shooting at Ralphael Briscoe.

138.    As a direct and proximate result of Rivera's willful, malicious and intentional actions and those executed by GRU members, including but not limited to, Leo, Sharpton and/or the unknown officers, to harm Ralphael Briscoe. Mr. Briscoe was shot and killed.

139.    Rivera's actions towards Ralphael Briscoe constitute an assault in violation of the common law of the District of Columbia.

140.    At all times relevant herein, Rivera was acting under the color of law, custom or usage of the District of Columbia.

141.    At all times relevant herein, Rivera committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

142.    Defendant District of Columbia is liable for the actions taken by Rivera in assaulting Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT XIV
### (Battery of Ralphael Briscoe)
### (Against the District of Columbia and Rivera)

143.    Plaintiff incorporates by reference paragraphs 1 through 142 as if fully set forth herein.

144.    As described herein, Rivera intentionally battered Ralphael Briscoe by shooting him without provocation or a valid basis to do so, which resulted in Ralphael Briscoe's death.

145.    As described herein, when Rivera, and/or GRU members, including but not limited to, Leo, Sharpton and/or the unknown officers, shot Ralphael Briscoe, he was wounded, harmed as a result of those wounds and succumbed to those wounds, which resulted in his death.

146.    Rivera's actions constitute battery in violation of the common law of the District of Columbia.

147.    At all times relevant herein, Rivera was acting under the color of law, custom or usage of the District of Columbia.

148.    At all times relevant herein, Rivera committed this unlawful conduct towards Ralphael Briscoe while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

149.    Defendant District of Columbia is liable for the actions taken by Rivera in battering Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT XV
### (False Arrest of Ralphael Briscoe)
### (Against the District of Columbia and Leo, Sharpton and Rivera)

150.    Plaintiff incorporates by reference paragraphs 1 through 149 as if fully set forth herein.

151.    At the time of the incident, neither Leo, Sharpton, Rivera, the unknown officers, nor any other GRU member, nor any District of Columbia Metropolitan Police Department officer, had probable cause to arrest Ralphael Briscoe.

152.    There was no legal justification for Leo, Sharpton, Rivera and/or the unknown officers to arrest Ralphael Briscoe.

153.    This arrest caused Ralphael Briscoe to endure emotional and physical pain suffering and fear as well as shame and mortification as a result of the incident and his arrest, which ended Mr. Briscoe's life.

154.   At all times relevant herein, Leo, Sharpton, Rivera and/or the unknown officers were acting under the color of law, custom or usage of the District of Columbia.

155.   At all times relevant herein, Leo, Sharpton, Rivera and the unknown officers committed his/their unlawful conduct while acting as police officers employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of, their employer in the District of Columbia.

156.   The District of Columbia is liable for the false arrest of Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT XVI
### (Negligent Infliction of Emotional Distress Suffered by Ralphael Briscoe) (Against the District of Columbia and Leo)

157.   Plaintiff incorporates by reference paragraphs 1 through 156 as if fully set forth herein.

158.   The actions taken by Leo complained of herein were extreme, outrageous, willful, malicious and intentional and were done carelessly with reckless disregard for Ralphael Briscoe's safety, while he was in the immediate zone of physical danger.

159.   As a result of Leo's extreme, outrageous, willful, malicious and intentional conduct which was done carelessly with reckless disregard for Ralphael Briscoe's safety, he suffered mental and emotional distress from the time of his initial encounter with GRU members, during the entire pursuit and from the time he was shot up to an including the time he died.

160.   As a result of Leo's extreme, outrageous, willful, malicious and intentional conduct, which was done carelessly with reckless disregard for Ralphael Briscoe's safety, he suffered mental and emotional distress as a result of being shot, which resulted in his death.

161.    At all times relevant herein. Leo was acting under the color of the law, custom or usage of the District of Columbia.

162.    At all times relevant herein, Leo committed this unlawful conduct while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer, the District of Columbia.

163.    The District of Columbia is liable for the false arrest of Ralphael Briscoe pursuant to the doctrine of respondeat superior.

**COUNT XVII**
**(Negligent Infliction of Emotional Distress Suffered By Ralphael Briscoe)**
**(Against the District of Columbia and Sharpton)**

164.    Plaintiff incorporates by reference paragraphs 1 through 163 as if fully set forth herein.

165.    The actions taken by Sharpton complained of herein were extreme, outrageous, willful, malicious and intentional and were done carelessly with reckless disregard for Ralphael Briscoe's safety, while he was in the immediate zone of physical danger.

166.    As a result of Sharpton's extreme, outrageous, willful, malicious and intentional conduct which was done carelessly with reckless disregard for Ralphael Briscoe's safety, he suffered mental and emotional distress from the time of his initial encounter with GRU members, during the entire pursuit and from the time he was shot up to an including the time he died.

167.    As a result of Sharpton's extreme, outrageous, willful, malicious and intentional conduct, which was done carelessly with reckless disregard for Ralphael Briscoe's safety, he suffered mental and emotional distress as a result of being shot, which resulted in his death.

168.    At all times relevant herein. Sharpton was acting under the color of the law, custom or usage of the District of Columbia.

28

169.    At all times relevant herein. Sharpton committed this unlawful conduct while acting as a police officer employed by the District of Columbia Metropolitan Police Department. and acting on behalf of. and in the interests of his employer. the District of Columbia.

170.    The District of Columbia is liable for the false arrest of Ralphael Briscoe pursuant to the doctrine of respondeat superior.

**COUNT XVIII**
**(Negligent Infliction of Emotional Distress Suffered By Ralphael Briscoe)**
**(Against the District of Columbia and Rivera)**

171.    Plaintiff incorporates by reference paragraphs 1 through 170 as if fully set forth herein.

172.    The actions taken by Rivera complained of herein were extreme. outrageous. willful. malicious and intentional and were done carelessly with reckless disregard for Ralphael Briscoe's safety. while he was in the immediate zone of physical danger.

173.    As a result of Rivera's extreme. outrageous. willful. malicious and intentional conduct which was done carelessly with reckless disregard for Ralphael Briscoe's safety. he suffered mental and emotional distress from the time of his initial encounter with GRU members. during the entire pursuit and from the time he was shot up to an including the time he died.

174.    As a result of Rivera's extreme. outrageous. willful. malicious and intentional conduct. which was done carelessly with reckless disregard for Ralphael Briscoe's safety. he suffered mental and emotional distress as a result of being shot. which resulted in his death.

175.    At all times relevant herein  Rivera was acting under the color of the law. custom or usage of the District of Columbia.

176.   At all times relevant herein. Rivera committed this unlawful conduct while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer, the District of Columbia.

177.   The District of Columbia is liable for the false arrest of Ralphael Briscoe pursuant to the doctrine of respondeat superior.

## COUNT XIX
### (Common Law Negligence In Hiring, Training, Supervision and Retention Leading to the Mistreatment of Ralphael Briscoe)
### (Against the District of Columbia and Guillermo Rivera)

178.   Plaintiff incorporates by reference paragraphs 1 through 177 as if fully set forth herein.

179.   Defendant District of Columbia had a duty to properly hire, train, supervise and fire, if necessary, its personnel in order to protect the public against reasonable dangers which would be likely to occur in absence of proper hiring, training, supervision, and firing. Rivera also had a duty to properly supervise and control the officers which, upon information and belief, were under his command at the time of the incident.

180.   As to the failure to train and discriminatory behavior, the District of Columbia has failed to effectively train, supervise discipline, and control the personnel its employs as police officers regarding the appropriate, non-discriminatory treatment of citizens of the District of Columbia.

181.   As to the failure to train and the use of force, the District of Columbia has failed to effectively train, supervise discipline, and control the personnel its employs as police officers regarding the appropriate use of force against citizens of the District of Columbia.

182.   As to the failure to train and unlawful search and arrest, the District of Columbia has failed to effectively train, supervise discipline, and control the personnel its employs as

police officers regarding the need for probable cause when search or arresting citizens of the District of Columbia. As described herein. Rivera failed to effectively supervise and control the other officers under his command regarding the need for probable cause before searching or arresting Ralphael Briscoe and concerning the appropriate use of force and/or excessive force.

183.    Defendant District of Columbia violated its duty to properly hire, train, supervise, and fire/suspend the GRU members and/or officers involved in this incident.

**COUNT XX**
**(Negligence)**
**(Against the District of Columbia and Leo, Sharpton and Rivera)**

184.    Plaintiff incorporates by reference paragraphs 1 through 183 as if fully set forth herein.

185.    Assuming *arguendo* if the GRU members, including but not limited to, Leo, Sharpton. Rivera and/or the unknown officers had the right to arrest Ralphael Briscoe on April 26, 2011, the GRU members and/or Leo, Sharpton, Rivera and the unknown officers had a duty to exercise at the minimum ordinary care and use the minimal amount of force necessary to accomplish the objective of apprehending and arresting Mr. Briscoe.

186.    GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers had a duty to employ only reasonable measures in their encounter and interaction with Ralphael Briscoe as well as in connection with their treatment of Mr. Briscoe.

187.    Notwithstanding those duties, GRU members, including but not limited to, Leo, Sharpton. Rivera and/or the unknown officers, negligently took police action in an unmarked vehicle and without identifying themselves at all during their negligent pursuit of Ralphael Briscoe and in subsequently using unlawful, excessive and unreasonable force on Ralphael Briscoe, inasmuch as no force was warranted under the circumstances.

188.    GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers breached the duty to exercise ordinary care because a GRU member(s) acted carelessly, and using excessive, unnecessary and gratuitous force, shot Ralphael Briscoe in the left part of his back and in his left buttock, which resulted in his death.

189.    The GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers, provoked the shooting and the ultimate death of Ralphael Briscoe by drawing their gun(s).

190.    The GRU members, including but not limited to, Leo, Sharpton, Rivera and/or the unknown officers, failed to stop or prevent all officers on the scene from assaulting and/or battering Ralphael Briscoe when they knew they had a duty to protect Mr. Briscoe against said assault and/or battery.

191.    As a result of the GRU members,' including but not limited to, Leo, Sharpton, Rivera and the unknown officers,' failure to use ordinary care and the minimum amount of force necessary to accomplish his/their objective, Ralphael Briscoe suffered the ultimate seizure of being shot and killed by the afore-mentioned defendant(s).

192.    The District of Columbia is liable for the actions taken by GRU members, including but not limited to, Leo, Sharpton and Rivera pursuant to the doctrine of respondeat superior.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff:

I.      Re-pleads and re-alleges counts 1 through 192 with the same force and effect as if fully set forth herein;

32

II.     Requests, subject to further discovery, the right to amend the complaint, and that the Court:

III.    Enter a finding and judgment, jointly and severally, that the defendants' actions violated the United States Constitution and other laws, including but not limited to the Constitutional and legal rights of Ralphael Briscoe;

IV.     Enter a finding and judgment in favor of the Plaintiff on all of the above-mentioned claims for relief, and against all of the defendants, jointly and severally, for compensatory damages in the full and just amount of one hundred million ($100,000,000.00) dollars, plus punitive damages to the extent allowed by law and interest.

V.      Award fees and court costs to plaintiff; and

VI.     Award such other relief as this Honorable Court deems just and fair.

> Bridzette Lane
> Individually and as the Personal
> Representative of the Estate of
> Ralphael Briscoe
> By Counsel
>
> Respectfully submitted,
>
> _/s/ Billy L. Ponds_____
> Billy L. Ponds
> Counsel for the Plaintiff
> The Ponds Law Firm
> Bar Number 379883
> 3218 O Street, N.W.
> Suite Two
> Washington, D.C. 20007
> Telephone Number: (202) 333-2922
> Facsimile Number: (202) 333-4114
> E-Mail: plfpc@aol.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **BRIDZETTE LANE** | : | |
| **Individually and as the Personal** | : | |
| **Representative of the Estate of** | : | |
| **Ralphael Briscoe** | : | |
| **1600 28th PLACE, S.E.** | : | Civil Action Number: |
| **APARTMENT #104** | : | 1:12-CV-00514 (BAH) |
| **WASHINGTON, D.C. 20020** | : | Judge Howell |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE DISTRICT OF COLUMBIA, et. al.** | : | |
| | : | |
| **Defendants.** | : | |

=====================================

## JURY DEMAND

Plaintiff hereby requests a trial by jury of six (6) on all facts, triable issues and counts in this Amended Complaint including the amount of damages to be awarded.

Bridzette Lane
Individually and as the Personal
Representative of the Estate of
Ralphael Briscoe
By Counsel

Respectfully submitted,

_/s/ Billy L. Ponds_____
Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007
Telephone Number: (202) 333-2922
Facsimile Number: (202) 333-4114
E-Mail: plfpc@aol.com

EXHIBIT A

This Document shall be used fr        'on Cases presented by the member to the US Attorney'        'for the District of Columbia

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

### United States v. Terrance Moore

On May 30th 2009, members of the Metropolitan Police Department's Narcotics and Special Investigations Division's Gun Recovery Unit had been conducting operations within the City's 7th District. During the course of the operation, Officer's entered the area with the intention of locating persons involved in illegal drug and weapon related activity.

Officer Chad Leo was operating an un-marked, gray colored Jeep Cherokee with police lights in both the front windshield and rear window. Officer Jordan Katz was a passenger in the same vehicle. Detective Kirk Delpo was operating a fully marked MPDC police cruiser with visible markings and emergency police lights. Sergeant Curt Sloan was a passenger in that marked police cruiser. All of the members were wearing casual police attire, each wearing an external ballistic police vest with police markings. Each external vest was clearly marked with visible "POLICE" placards, displayed upon both their front and back.

At approximately 1919 hours, Officer Jordan Katz observed a large group of individuals congregating near the Tri-Intersection belonging to the 3800 block of Haley Terrace, 3800 block of First Street & the 100 block of Mississippi Avenue, SE. Officer Jordan Katz subsequently exited his police vehicle with the intention of contacting the individuals and conducting a consensual encounter with the group. Detective Delpo and Sgt. Sloan arrived on scene to assist.

Upon exiting his police vehicle, a subject later identified as the Defendant (Moore, Terrance) immediately took an unprovoked flight and began to flee on foot away from the large group he had been standing with moments earlier. As the Defendant (Moore, Terrance) fled up a flight of stairs leading to an alley adjacent to the 3800 block of First Street, Officer Jordan Katz & Sergeant Sloan gave chase and clearly observed the Defendant (Moore, Terrance) clutching onto an object within the right front waistband area of his pants, which both members believed was consistent with that of a firearm.

Based upon the members training and experience in the detection and identification of firearms, the movements and actions displayed by the Defendant (Moore, Terrance) were observed by those members to be highly consistent with those of an armed gunman attempting to adjust, retain and conceal a firearm about his person.

Officer Jordan Katz and Sergeant Sloan pursued the Defendant (Moore, Terrance) on foot through the listed alley, through a residential yard and to the address known as 3829 First Street, SE. Once at that location, the Defendant (Moore, Terrance) forcefully kicked the residence's front door several times which allowed him to gain entry after which shutting the door behind him.

Officer Jordan Katz and Sergeant Sloan subsequently entered the premise in pursuit of the Defendant (Moore, Terrance) given the exigent circumstances of not knowing whether others may or would be harmed if (Moore, Terrance) was not immediately apprehended. Officer Jordan Katz forced entry, and Sergeant Sloan entered first with Officer Jordan Katz behind him.

Upon entry into the residence Sergeant Sloan observed the Defendant (Moore, Terrance) retreating into a first floor bedroom. Within seconds, the Defendant (Moore, Terrance) yelled out **"I got a gun!"** attempted to exit the bedroom, pointed the firearm at the members and began shooting several rounds from a semi-automatic handgun at both Officer Jordan Katz and Sergeant Sloan's person. Defendant (Moore, Terrance) was only approximately 3 or so feet away from the members when he fired upon them.

**The events and acts occurred primarily in the District of Columbia and were committed as described by the defendant(s) listed in the case caption.**

**Subscribed and sworn before me this 4th Day of June 2009.**

**Police Investigator James M. Boteler----Badge #IV-1788----Unit: NSID-----Witness:_____**

Printed Name and CAD Number        CAD#6570                                        Printed Name

# E X H I B I T   B



# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## METROPOLITAN POLICE DEPARTMENT

September 3, 2010

**Addendum to:**
FED   #09-01385/JP
FED   #09-01386/JP
FED   #09-01387/JP
CSIB   #09-7303
CCN   #073-965

TO:          Commander
             Criminal Investigations Division

ATTENTION:   Seventh District
             Technician Valerie Campbell
             Crime Scene Investigations Branch

RE:          Terrance Moore
             Complainant – APO

TYPE OF EXAM:   Firearms

The following items of evidence were personally delivered on June 18, 2009 by Technician Rodney J. Langford.

| | | |
|---|---|---|
| Items | #1 - #4 | four (4) cartridge cases |
| Items | #5 and #6 | two (2) cartridges |
| Item | #7 | one (1) pistol   — T M |
| Items | #7a - #7c | three (3) cartridges |
| Item | #10 | one (1) cartridge |
| Item | #17 | one (1) pistol   P O |
| Item | #22 | one (1) pistol   P O |

The following item of evidence was submitted on September 2, 2010 by Technician Ronald Royster for comparison.

| | | |
|---|---|---|
| Item | #12 | one (1) copper jacketed bullet |

RESULTS OF EXAMINATION:

Item #17 is a Glock, caliber 9mm Luger semiautomatic pistol, model 17, serial number GCT578. This firearm is the property of the Metropolitan Police Department and is issued to Officer Jordan Katz. Item #17 was found to be in normal operating condition. All safety design mechanisms are intact and functional.

Items #1 and #4 are two (2) caliber 9mm Luger +P cartridge cases, Winchester brand, which were identified as having been fired in the Item #17 pistol.

FED #09-01385/JP
FED #09-01386/JP
FED #09-01387/JP
CCN #073-965
Page #2

Item #22 is a Glock, caliber 9mm Luger semiautomatic pistol, model 17, serial number MP0445DC.
This firearm is the property of the Metropolitan Police Department and is issued to Sergeant Curtis
Sloan. Item #22 was found to be in normal operating condition. All safety design mechanisms are
intact and functional.

Items #2 and #3 are two (2) caliber 9mm Luger +P catridge cases, Winchester brand, which were
identified as having been fired in the Item #22 pistol.

Item #12 is a caliber 9mm Luger copper jacketed bullet, which was fired from a barrel rifled with six
(6) grooves, polygonal rifling, right twist. Due to insufficient individual microscopic markings, it
could not be determined whether or not the Item #12 bullet was fired from the Items #17 and #22
pistols. Item #12 was not fired from the Item #7 pistol.

Item 7 is a Bersa, caliber .380 Auto semiautomatic pistol, model 383DA, serial number 86158. This
firearm was found to be in non-operable condition due to the magazine safety. It was noted that the
magazine was received with missing parts.

Items #5, #6, #7a thru #7c and #10 contain six (6) caliber .380 Auto cartridges, CCI brand.

Please arrange to have a member of your unit pick up the evidence which is being held in the
Firearms Examination Division.

Jonathan Pope
Firearms and Toolmark Examiner